IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARINA WATERSIDE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-497C |
| | ) | (Judge Horn) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

As its answer to the complaint, defendant admits, denies, and avers as follows:

1. Defendant, the United States, lacks information sufficient to form a belief as to the allegation contained in paragraph 1 of the complaint.

2. Paragraph 2 contains plaintiff's legal conclusion to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

3. Denies the allegations contained in paragraph 3 for lack of information sufficient to form a belief as to the truth of the matter asserted.

4. Defendant admits that the United States entered into a lease with Beneficial Standard Properties, Inc. on or about February 27, 1981. Admits the remaining allegation contained in paragraph 4 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denied.

5. Defendant admits that the United States entered into a written First Amendment of Sublease with Beneficial Standard Properties, Inc. on or about September 11, 1981. Admits the remaining allegations contained in paragraph 5 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denied.

6. Defendant admits that the United States entered into a written Sublease

Amendment with Benequity Properties on or about May 16, 1988. Admits the remaining allegations contained in paragraph 6 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denied.

7. Defendant admits that the United States entered into a written Second Sublease Amendment with Carlisle Realty Holdings I, a limited partnership, on or about July 23, 1990. Admits the remaining allegations contained in paragraph 7 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denied.

8. Defendant admits that the United States entered into a written Third Sublease Amendment with Carlisle Realty Holdings I, a limited partnership, on or about July 22, 1996. Admits the remaining allegations contained in paragraph 8 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denied.

9. Defendant admits that the United States entered into a written Fourth Sublease Amendment with Carlisle Realty Holdings I, a limited partnership, on or about November 16, 1999. Admits the remaining allegations contained in paragraph 9 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denied.

10. Defendant admits allegations contained in paragraph 10 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denied.

11. Denies the allegations contained in paragraph 11 for lack of information sufficient to form a belief as to the truth of the matter asserted.

12. Defendant incorporates by reference its responses to paragraphs 1 through 11 of the complaint.

13. The allegations contained in paragraph 13 constitute plaintiff's conclusions of

law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

14. The allegations contained in paragraph 14 of the complaint constitute plaintiff's conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 of the complaint constitute plaintiff's conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 of the complaint constitute plaintiff's conclusion of law and characterization of this case to which no response is necessary; to the extent they may be deemed issues of fact they are denied. Defendant specifically denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 16 of the complaint, or to any relief whatsoever.

17. Defendant incorporates by reference its responses to paragraphs 1 through 16 of the complaint.

18. Defendant admits the allegations contained in the first and second sentences of paragraph 18. Denies the allegation contained in the third sentence of paragraph 18.

19. Defendant admits the allegation in paragraph 19 of the complaint.

20. The allegations contained in paragraph 20 constitute plaintiff's conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

21. Denies that plaintiff is entitled to the relief set forth in the prayer for relief

immediately following paragraph 20 of the complaint, or to any relief whatsoever.

22. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that plaintiff's complaint be dismissed, and grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

MARK A. MELNICK
Assistant Director

s/ Joan M. Stentiford
JOAN M. STENTIFORD

Trial Attorney
Commercial
Litigation Branch
Civil Division
Department of Justice
Phone: (202) 616-0341
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:
MICHAEL F. KIELY
U.S. Postal Service

November 13, 2006

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 13th day of October, 2006,"DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

___/s/ Joan M. Stentiford_____

JOAN M. STENTIFORD