ERNIE ZACHARY PARK, State Bar #82616
BEWLEY, LASSLEBEN & MILLER, LLP
13215 E. Penn Street, Suite 510
Whittier, California 90602
PHONE: (562) 698-9771
FACSIMILE: (562) 696-6357

Attorneys for Plaintiff
MARINA WATERSIDE, LLC,
a California limited liability company

FILED
NOV 17 2006
U.S. COURT OF FEDERAL CLAIMS

By leave of the Judge

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MARINA WATERSIDE, LLC, a California limited liability company,<br>Plaintiff,<br>vs.<br>THE UNITED STATES,<br>Defendant. | CASE NO. 06-497C<br>{PROPOSED} FIRST AMENDED COMPLAINT FOR DAMAGES; DECLARATORY RELIEF |

Plaintiff alleges as follows:

GENERAL ALLEGATIONS

1. Plaintiff is, and at all times herein relevant has been, a limited liability company, duly organized as such under the laws of the state of California.

2. This action is properly before this court as the subject matter hereof concerns a claim of breach of contract between the plaintiff and the United States Postal Service, an agency of the United States.

3. Plaintiff is the owner of the shopping center commonly known as Marina Waterside (the "Center"), located in the city of Marina del Rey, California.

4. On or about February 27, 1981, plaintiff's predecessor-in-interest and the defendant entered into a written sublease (hereinafter referred to as the "Lease") whereby the defendant would sublease a portion of the Center as more particularly

described in the Lease (the "Premises"). A true and correct photocopy of the Lease is attached hereto, marked as Exhibit 1, and incorporated herein.

5. On or about September 11, 1981, plaintiff's predecessor-in-interest and the defendant entered into a written amendment to the Lease. A true and correct photocopy of said amendment is attached hereto, marked as Exhibit 2, and incorporated herein.

6. On or about May 16, 1988, plaintiff's predecessor-in-interest and the defendant entered into a written amendment to the Lease. A true and correct photocopy of said amendment is attached hereto, marked as Exhibit 3, and incorporated herein.

7. On or about July 23, 1990, plaintiff's predecessor-in-interest and the defendant entered into a written amendment to the Lease. A true and correct photocopy of said amendment is attached hereto, marked as Exhibit 4, and incorporated herein.

8. On or about July 22, 1996, plaintiff's predecessor-in-interest and the defendant entered into a written amendment to the Lease. A true and correct photocopy of said amendment is attached hereto, marked as Exhibit 5, and incorporated herein.

9. On or about November 16, 1999, plaintiff's predecessor-in-interest and the defendant entered into a written amendment to the Lease. A true and correct photocopy of said amendment is attached hereto, marked as Exhibit 6, and incorporated herein.

10. Under the terms of the last amendment, the parties agreed, inter alia, that the Lease would be modified as follows:

(a) That the defendant's term would be extended through September 30, 2005;

(b) That during the extended term, rent would be fixed as stated therein;

(c) That the defendant would be entitled to an option to extend the Lease for an additional five years, i.e., through September 30, 2010; and,

(d) That during said option period, rent would be "...determined based on the fair market value."

11. Plaintiff has succeeded to the lessor's interest in the Lease.

FIRST CLAIM FOR RELIEF

(Breach of Lease)

12. Plaintiff repeats and realleges each and every of the allegations found within the General Allegations and incorporates the same herein by reference.

13. Defendant has breached the Lease by failing to pay all sums due thereunder, including a failure to pay, through March 2006, in the sum of $63,784.40.

14. Plaintiff has performed all terms and conditions required of it to be performed under the Lease except those which may have been excused by virtue of the breach of defendant.

15. As a proximate result of the breach of the Lease by defendant, plaintiff has been damaged in a sum in excess of $63,000.00, together with interest thereon, at the legal rate, on and after September 1, 2005.

16. A provision of the Lease provides for the allocation of reasonable attorney's fees and costs in the event it becomes necessary to initiate legal action to enforce one of the provisions thereof. Plaintiff has been compelled to engage the law firm of Bewley, Lassleben & Miller to represent it in this matter and is thereby entitled to said attorney's fees and costs.

Wherefore, plaintiff prays judgment against defendant, as more fully set forth herein.

SECOND CLAIM FOR RELIEF

(Declaratory Relief)

17. Plaintiff repeats and realleges each and every of the allegations found within

the General Allegations and incorporates the same herein by reference.

18. A dispute has arisen between plaintiff and defendant, concerning the terms of the Lease and, more particularly, the amount of rent due by defendant thereunder. Specifically, the parties dispute the amount of rent due for the period during the current option period which expires on September 30, 2010. The amount of rent in controversy for the option period totals $523,852.50.

19. A present controversy exists between the parties as to the amount of rent due during the current option period of the Lease.

20. As a result of the foregoing, declaratory relief is proper in this matter in order to avoid a multiplicity of actions and in order to permit the parties to determine their respective rights and liabilities under the Lease.

Wherefore, plaintiff prays judgment against defendant as follows:

ON THE FIRST CLAIM FOR RELIEF:

1. For compensatory damages, through March 2006, in sum of $63,784.48, together with accrued rent thereafter;

2. For reasonable attorney's fees;

ON THE SECOND CLAIM FOR RELIEF:

3. For a judicial determination and declaration as to the amount due under the Lease during the subject option period;

4. For a further order of court determining the amount due plaintiff from defendants, and each of them, under the Lease; to wit, $523,852.50;

ON ALL CAUSES OF ACTION:

5. For costs of suit herein incurred; and,

/////

/////

/////

/////

6. For such other and further relief as the court deems just and proper.

Dated: 10-26-06

Respectfully submitted,

BEWLEY, LASSLEBEN & MILLER, LLP

By ____________________

ERNIE ZACHARY PARK
Attorneys for Plaintiff
MARINA WATERSIDE, LLC,
a California limited liability company
PHONE: (562) 698-9771
FACSIMILE: (562) 696-6357

# PROOF OF SERVICE

I am over the age of 18 and not a party to the within action. I am employed in the County of Los Angeles, State of California, in the office of a member of the bar of this Court at whose direction the service described herein was made. My business address is 13215 East Penn Street, Suite 510, Whittier, California 90602-1797.

On October 30, 2006, I served the foregoing document(s) described as PLAINTIFF'S {PROPOSED} FIRST AMENDED COMPLAINT FOR DAMAGES; DECLARATORY RELIEF upon the person(s) shown below by placing a true and correct copy (copies) thereof to the addressee or intended recipient as follows:

Joan M. Steniford, Esq.
Commercial Litigation Branch
DEPARTMENT OF JUSTICE
ATTN: Classification Unit
8th Floor
1100 L Street
Washington, D.C. 20530
FAX: (202) 514-8624
PH: (202) 616-0341

a. [ ] BY MAIL: by placing it (them) in a sealed envelope(s), postage prepaid, for collection and mailing on that same date following the ordinary business practices of Bewley, Lassleben & Miller, LLP (the "Firm"), at its place of business, located at 13215 East Penn Street, Suite 510, Whittier, California 90602-1797. I am readily familiar with the Firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service ("USPS"), and I am informed and believe that the correspondence would be deposited with the USPS that same day in the ordinary course of business.

b. [ X ] BY OVERNIGHT DELIVERY: by placing it (them) in a sealed envelope(s), postage prepaid, to be delivered by a reputable overnight service carrier on the next day to the addressee or intended recipient by a courier or driver authorized by the carrier to receive documents, in an envelope(s) designated by the carrier for overnight service.

c. [ ] BY FACSIMILE: by placing it (them) on the Firm's fax machine and dialing the addressee's or intended recipient's facsimile number, which is listed above or on the attached service list. I regularly maintain in the ordinary course of business transmission reports that confirm the successful transmission of facsimiles.

d. [ ] BY PERSONAL DELIVERY: by handing a service copy of the above-document to the addressee or intended recipient.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on October 30, 2006, at Whittier, California.

Maureen Merriles

MAUREEN MERRILES