Ernie Zachary Park, #082616
Bewley Lassleben & Miller
13215 E. Penn Street, Ste. 510
Whittier, California 90602
(562) 698-9771; (562) 696-6357 (fax)

Attorneys for Plaintiff
Marina Waterside, LLC

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MARINA WATERSIDE, LLC )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>United States, )<br>)<br>Defendant )<br>__________________) | No. 06-497C<br>(Judge Horn)<br><br>PLAINTIFF'S OPENING BRIEF FILED IN SUPPORT OF CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT DETERMINING DEFENDANT'S LIABILITY UNDER THE LEASE |

INTRODUCTION

In its prior orders, the Court ordered the parties to prepare cross-motions for partial summary judgment. The issue to be addressed thereby is whether the court can determine, as a matter of law, if the defendant is obligated to pay rent during the subject option term of the lease based on a determination of the property's fair market value. As discussed herein, plaintiff respectfully submits that the governing documents clearly establish the government's obligation in this regard. As such, plaintiff is entitled to an order granting partial summary judgment as to this issue.

One further prefatory comment is in order. The Court initially entered its order that the parties proceed by way of these cross-motions before the defendant determined that its position may be predicated on factual questions related to waiver. In light of the government's current contentions in this regard, plaintiff's position is that

either it is entitled to an order of partial summary judgment determining that it is entitled to rent during the option term based on the fair market value of the property or, alternatively, that there are issues of fact such that this dispute must proceed to a factual determination as to those issues. As discussed more fully in plaintiff's reply brief (which will address the issues anticipated to be raised by defendant in its opening brief), because, at worst, there are factual issues, the defendant is clearly not entitled to an order granting its request for partial summary judgment.

## SUMMARY OF THE FACTS

As detailed more fully in the accompanying joint statement of facts, on or about February 27, 1981, plaintiff's predecessor-in-interest and the defendants entered into a written sublease concerning the property in question. The original lease term was for a period of five years running through June 30, 1986.

As the chart found in the parties' Joint Statement of Facts depicts, the parties, on multiple occasions, amended the agreement to provide for an extension of the term; on each occasion in five-year increments. In most instances, the parties simply amended the lease to extend the term. When the lease was extended, the parties further modified the agreement to reflect an increase in rent during the extended term. With respect to the Third Amended Sublease, the parties agreed upon an appraisal method to determine the rent during the extended term. Finally, with respect to the amendment hand, the Fourth Sublease Amendment, the parties agreed to an option to extend the term from October 1, 2005 through September 30, 2010. As a part of that amendment, the parties agreed to a mechanism whereby the rent would be determined based upon the property's "fair market value."

The defendant ultimately exercised the option to extend the lease term. It now seeks to avoid the clear provision of the amendment as to the payment of rent (based on fair market value) during the option term. Simply put, as discussed herein, the government should be required to pay rent in accordance with the clear terms of the agreement between the parties.

## SUMMARY OF THE ARGUMENT

Plaintiff contends that the contract between the parties is clear and unambiguous. Under the terms thereof, rent during the option period was to be determined based upon the property's fair market value. Given that the contract term is unequivocal, there is no basis for the introduction of extrinsic evidence and the court should declare the same as a matter of law.

With the foregoing in mind, plaintiff submits that the following are the issues before the court in connection with this motion:

1. An order of partial summary judgment is proper in this case in that the contract can be interpreted as a matter of law;
2. Under the facts at hand, extrinsic evidence is not admissible because the terms of the lease are clear, to wit, the rental value of the premises is to be increased during the option period based upon the fair market value of the property; and,
3. The Court should further determine that the proper date for valuation of rent during the option period is at the inception of the option.

## THE ISSUE OF DEFENDANT'S LIABILITY TO PAY RENT DURING THE OPTION PERIOD BASED ON THE FAIR MARKET VALUE OF THE PROPERTY IS PROPERLY DETERMINED BY PARTIAL SUMMARY JUDGMENT

A party may seek an order of partial summary judgment when there is no factual dispute as to a material issue. FRFC 56d.

Particularly apropos of the matter now before the Court, "...pure contract interpretation is a question of law which may be resolved by summary judgment." See P.R. Burke Corporation v. The United States 47 Fed. Cl. 340, 344-345 (2000); Crown Laundry & Dry Cleaners, Inc. v United States 29 Fed. Cl. 506, 515 (1993).

As discussed herein, this matter is properly before the Court in the procedural posture of a motion for partial summary judgment in that the issue of the amount of rent during the option period is found in the contract in clear and unequivocal terms. As such, the Court is engaged in "pure contract interpretation" and can declare the issue as a matter of law.

Assuming the Court concurs in this conclusion, then the sole remaining factual issue is the determination of the amount of rent due.

PURSUANT TO THE UNEQUIVOCAL TERMS OF THE
LEASE, THE COURT SHOULD DECLARE THAT RENT,
DURING THE OPTION PERIOD, IS TO BE DETERMINED
BASED UPON THE FAIR MARKET VALUE OF THE PROPERTY

A. The Proper Methodology to Interpret the Provision of the Lease.

The applicable rules of contract interpretation employed by this Court are well-established. As summarized by the court in P.R. Burke, supra:

> "In interpreting a contract, the court's fundamental objective is to ascertain the parties' intent (citations omitted) and effectuate the purpose of their agreement (citations omitted). The court must start with the express language found in the contract (citations omitted)....These provisions must be accorded their plain and ordinary meaning (citations omitted). Where a contract provision possesses a clear, unambiguous meaning, the court's analysis ends (citations omitted)...No other interpretation should be assigned (citations omitted)." (p. 346)

See also Moore v The United States 48 Fed. Cl. 394, 400 (2000).

As discussed below, the contract provision in question is clear. As such, the court should interpret the provision in accordance with the "...clear, unambiguous" language and "...the court's analysis..." should end at that juncture.

B. Application of the Foregoing Rule to the Lease Provision in Question.

In pertinent part, the Fourth Sublease Amendment provides that, during the option period, i.e., the period commencing October 1, 2005, rent would be "...determined based on the fair market value..." of the premises. There simply is no question but that the clear and unambiguous language of the operative provision contemplated that rent during the option period would be adjusted based on the fair market value of the premises. That language being clear, the court should grant the plaintiff partial summary judgment as to the question at hand.

THE COURT SHOULD FURTHER

DETERMINE THE DATE OF VALUATION

UNDER THE FOURTH AMENDED SUBLEASE

As the Court has been advised, there is a further question which requires the Court's construction of the agreement, to wit, the date to be used by the parties for purposes of fixing rent during the option period.[1]

Plaintiff concedes that the lease provision does not specify the appraisal date. Nonetheless, the Court should determine that the date of valuation is the commencement date of the option period, i.e., October 1, 2005.

Simply put, fixing the commencement date of the option period as the valuation date is the only reasonable interpretation. When engaged in contract interpretation, the Court should afford the provision "...a reasonable meaning..." GE v United States 60 Fed. Cl. 782, 791 (2004). For an ambiguity to exist, both parties must have proffered

---

[1] Plaintiff does not believe that the underlying facts as to this issue are in question. Plaintiff has fixed the value of the premises using comparable leases as of October 2005 (approximating the commencement of the option period). The defendant has used as a date of appraisal October 2003.

an interpretation that is within the "...zone of reasonableness." GE, supra, p. 791; King Fisher v United States 51 Fed. Cl. 94, 99 (2001).

In this case, the only reasonable interpretation is that rent would be fixed at the inception of the option period. Clearly, at the time the parties entered into the Fourth Sublease Amendment, they were contemplating a mechanism by which to fix the rent for some later date, i.e., October 1, 2005 forward. Since the rent is for a period of time starting with that date, it would only make sense that the appraisal would focus on the fair market value of the property at the time of the commencement of the option period. Simply to highlight the point, the government has used a date of valuation at a point in time that is roughly two years earlier than the commencement of the option period, i.e., October 2003. Such a date simply has no relevance to a determination of the rent for the option period. Thus, plaintiff respectfully submits that the only reasonable construction of the provision is that it contemplated a valuation at the time of the option.

## CONCLUSION

The parties entered into a clear and unambiguous amendment to the sublease agreement. Under the terms thereof, the parties agreed that, during the option term, rent would be adjusted based upon the fair market value of the property. The only reasonable date for fixing that value is the value of the property at the inception of the option period. For that reason, plaintiff respectfully submits that the Court should enter its order granting partial summary judgment determining that the defendant owes rent,

/////

/////

/////

during the option period, based on the fair market value of the property with the date of valuation to be the inception of the option period.

Respectfully submitted,

BEWLEY, LASSLEBEN AND MILLER

By s/Ernie Zachary Park___
Ernie Zachary Park,
Attorney for Plaintiff