**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **MARINA WATERSIDE, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 06-497C** |
| | ) | **(Judge Horn)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT STIPULATION OF FACTS**

Pursuant to the Court's scheduling order, dated November 28, 2006, the parties are respectfully submitting this joint stipulation of facts, accompanied by a supporting appendix, that sets forth specific stipulations of agreed upon facts with appropriate citations to the appendix.

1. Plaintiff is the owner of the retail shopping center commonly known as Marina Waterside, located in Marina del Rey, California.

2. On or about February 27, 1981, the United States Postal Service and Beneficial Standard Properties, Inc., doing business as Marina Shopping Center, plaintiff's predecessor-in-interest, entered into a sublease for commercial space at 4736-38 Admiralty Way, Marina del Rey, California ("the premises"), to be used by the Postal Service for a post office for the Venice and Marina del Rey communities. App. 1-38.

3. The original term of the sublease was for five years, from July 1, 1981 to June 30, 1986, and the original rent was $33,750 per year, or $2,812.50 per month. App. 8 ¶ ¶ 3, 5, 7.

4. The sublease also granted the Postal Service an option to extend its tenancy for three years at a specified monthly rent of $3,562.50. App. 28 ¶ 49(a). The sublease allowed the Postal Service to exercise the option "by delivery of written notice to that effect to Lessor not later than One Hundred Eighty (180) days prior to the expiration of the primary term of the

lease." Id. ¶ 49(b).

5. On September 11, 1981, the parties entered into a First Amendment of Sublease. App. 42-43.

6. The First Amendment of Sublease provided for a later commencement of the term of the sublease to account for delays in the construction of improvements to the subleased property. App. 42 ¶ B

7. The term of the sublease commenced on October 1, 1981, and was to end on September 30, 1986. App. 42 ¶ 1. All other provisions of the original sublease remained in effect. App. 42 ¶ 3.

8. At some undetermined point in time, the Postal Service exercised the option to extend the sublease for three years, i.e., from October 1, 1986, through September 30, 1989.

9. On May 16, 1988, the Postal Service and Benequity Properties, a successor in interest to the original sublessor, Beneficial Standard Properties, Inc., entered into a Sublease Amendment. App. 40-41.

10. The Sublease Amendment extended the term of the sublease from October 1, 1989, to September 30, 1994, and provided for rental payments in the amount of $4,500 monthly, or $54,000 annually. App. 40 ¶¶ 1, 2. The Sublease Amendment did not contain any option provision.

11. On July 23, 1990, the Postal Service and Carlisle Realty Holdings I, a successor in interest to Benequity Properties, entered into the Second Sublease Amendment. App. 47-56

12. Pursuant to the Second Sublease Amendment, (1) the Postal Service relocated its operations from 4736-38 Admiralty Way to 4748 Admiralty Way; (2) the term of the sublease

was extended for five years, commencing on October 1, 1990, and ending on September 30, 1995; (3) one five-year renewal option was added, commencing on October 1, 1995, and ending on September 30, 2000; and (4) the sublease's rent schedule was changed. App. 47-49.

13. The Second Sublease Agreement provided rental amounts as follows:

-- $11,750 per month from October 1, 1990 through September 30, 1993;

– $13,865.00 per month from October 1, 1993 through September 30, 1995.

If the Postal Service continued the sublease through the option period, rental amounts were provided as follows:

-- $13,865.00 per month from October 1, 1995 through September 30, 1996;

-- $16,300 per month from October 1, 1996 through September 30, 1999;

-- $19,305 per month from October 1, 1999 through September 30, 2000.

App. 48-49 ¶ 4.

14. The Second Sublease Amendment did not contain any express provision regarding exercise of the option by the Postal Service. App. 47-49. However, it did contain a provision that "[a]ll other provisions, terms and conditions of the Lease shall remain the same and in full force and effect." Id.

15. The parties signed two documents titled "Third Sublease Amendment," one on July 22, 1996 ("July Amendment") and one on January 30, 1997 ("January Amendment"). Both agreements provided for an extension of the sublease period, from October 1, 1995 to September 30, 2000, with no option period. App. 57-60, and 63. The July Amendment was signed at a time when the Postal Service was moving its location to 4766 Admiralty Way. App. 57.

16. Also on July 22, 1996, the parties signed a separate "Binding Appraisal

Agreement" in which the parties agreed to commission an appraisal that would establish the net annual fair market rent for the five-year lease term covered by the Third Sublease Amendment. App. 61-62.

17. The January Amendment provided a rental amount of $129,000.00 per year for the period beginning October 1, 1995, until the time the Postal Service accepted the new space at 4766 Admiralty Way. Once the Postal Service accepted the new space, the rent would be $166,380.00 per year, through the remainder of the sublease term that ended September 30, 2000. App. 63.

18. On November 16, 1999, the parties executed a Fourth Sublease Amendment, adding a five-year term beginning October 1, 2000, and ending September 30, 2005. App. 64-65 ¶ 1. It also provided a five-year option period to begin October 1, 2005, and end September 30, 2010. Id.

19. The Fourth Sublease Amendment provided that the option period would be renewed "on the same basic terms and conditions of the lease" and was to be "exercised by Lessee by delivery of written notice to Lessor one hundred and twenty (120) days prior to the expiration of this Lease." App. 64 ¶ 1.

20. The Fourth Sublease Amendment provided as follows regarding rental payments:

> Article 2 of the Third Sublease Agreement is hereby [amended] to provide for a fixed minimum annual rental rate of one hundred sixty thousand three hundred eighty dollars ($166,380.00). The fixed minimum annual rental rate for the above referenced five year option period to renew will be determined based on the fair market value.

App. 64, ¶ 2.

21. The terms and dates of the series of sublease amendments are summarized in the

table below:

| Sublease Document and Date Executed | Term and Rental Amount | Term of Extension | How Extension Executed | Rental Amount in Extended Lease Term | How Rent Determined in Extended Lease Term |
|---|---|---|---|---|---|
| Original Sublease<br><br>2/27/1981 | 7/1/81 to 6/30/86 ¶ 3<br><br>$2,812.50 per month.<br>¶ 7<br>App. 8 | Option to extend lease term by a period of 3 years.<br>¶ 49(a)<br>App. 28 | Delivery of written notice to Lessor not less than 180 days before primary term of lease due to expire. ¶ 49(b)<br>App. 28 | $3,562.50 per month | Specified in terms of sublease.<br>¶ 49(a).<br>App. 28 |
| First Amendment of Sublease<br><br>9/11/1981 | 10/1/1981 to 9/30/1986<br><br>Amendment extended start date of lease because improvement to premises not completed in time for original start date. ¶ B<br>Rental amount unchanged<br>App. 42 | Incorporated all extension terms of original sublease. ¶ 3<br>App. 46 | Same as original sublease | Same as original sublease | Same as original sublease |

| | | | | | |
|---|---|---|---|---|---|
| Sublease Amendment<br><br>5/16/1988 | 10/1/1989 to 9/30/1994<br>¶1<br>App. 40<br><br>$4,500.00 per month<br>¶2<br>App. 40 | None | N/A | N/A | N/A |
| Second Sublease Amendment for new location<br><br>7/23/1990<br><br>There were two subleases running concurrently during the Postal Service's move from original location to new location | 10/1/1990 to 9/30/1995 ¶ 3<br>App. 48<br><br>$11,750.00 per month from 10/1/1990 to 9/30/1993<br>¶ 4(a)<br>App. 48<br><br>$13,865.00 per month from 10/1/1993 to 9/30/1995<br>¶ 4(b)<br>App. 48 | One five-year Renewal Option from 10/1/1995 to 9/30/2000.<br>¶ 3<br>App. 48 | Unspecified | $13,865.00 per month from 10/1/1995 to 9/30/1996<br>¶ 4(b)<br>App. 48<br><br>$16,300.00 per month from 10/1/1996 to 9/30/1999<br>¶4(c)<br>App. 49<br><br>$19,305.00 per month from 10/1/1999 to 9/30/2000<br>¶ 4(d)<br>App. 49 | Specified in terms of Second Sublease Amendment |

| | | | | | |
|---|---|---|---|---|---|
| Third Sublease Amendment "July Amendment"<br><br>7/22/1996<br><br><br>The Third Sublease Amendment provided that, if the Postal Service was relocated to 4766 Admiralty Way, the rent for that property would be computed on a per-foot basis pursuant to a Binding Agreement for an MAI (Member Appraisal Institute) Appraisal. App. 61-62 ¶ 3. | 10/1/1995 to 9/30/2000<br><br>Rental amount to be determined by binding appraisal agreement. ¶ 2<br>App. 57 | None | N/A | N/A | N/A |

| | | | | | |
|---|---|---|---|---|---|
| Third Sublease Amendment "January Amendment" 1/2/1997 | 10/1/1995 to 9/30/2000 ¶ 1 App. 63<br><br>$129,000 per year ($10,750 per month), explicitly modifying rents set out in paragraph 4 of Second Sublease ¶2 App. 63 | None | N/A | N/A | N/A |
| Fourth Sublease Amendment<br><br>11/16/1999 | 10/1/2000 to 9/30/2005 ¶ 1 App. 64<br><br>$166,380.00 per year (13,865 per month) ¶ 2 App. 64 | One five year option to renew on same basic terms and conditions of lease. ¶1 App. 64 | Delivery of written notice to lessor 120 days prior to expiration of the fourth sublease period. ¶ 1 App. 64 | Not stated. | Rent will be determined based on fair market value. ¶ 2 App. 64 |

22. On or about January 6, 2004, the contracting officer, Jack Davidson, notified the Carlisle Realty Holdings I, the sublessor, that the Postal Service was exercising the option to extend the sublease though September 30, 2010, specifying the rental amount as $166,380.00 per year. App. 66.

23. On or about January 20, 2004, Carlisle Realty Holdings I assigned all of its rights, title and interests in the subleased premises to the plaintiff, Marina Waterside, LLC. App. 78-81 ¶ 1.

24. As a part of the plaintiff's acquisition of the Center, the defendant provided an estoppel certificate dated January 7, 2004. App. 86.

25. The Postal Service obtained a professional appraisal of the premises stating that as of October 27, 2003, the fair rental value of the premises was $179,658.00. App. 87-89.[1]

PLAINTIFF'S STATEMENT OF CONTROVERTED FACTS[2]

26. Plaintiff contends that the intent of the parties, when entering into the Fourth Sublease Amendment, was that rent, during the option period, would be increased based upon the then fair market value of the Premises;

27. Plaintiff further contends that the Fourth Sublease Amendment was not subsequently modified or altered;

28. Plaintiff further contends that the estoppel certificate executed by the defendant, on or about January 7, 2004, binds it to the terms set forth within the Lease, including the Fourth Sublease Amendment.

[1]In the interest of efficiency, and because only liability is at issue in this cross motion, only the short narrative part of the appraisal is attached as an exhibit to this appendix. The remainder of the appraisal, approximately 46 pages, will be provided if additional briefing is necessary to establish any possible amount of damages.

[2]The Government does not actually contest the facts in paragraphs 27 and 28, but plaintiff would not agree to included these facts in the statement of stipulated facts. It is the Government's view that the statements of fact in paragraphs 27 and 28 are not controverted within the meaning of RCFC 56(e).

DEFENDANT'S STATEMENT OF CONTROVERTED ISSUES[3]

29. The sublessor, Carlisle Realty Holdings I, did not object to the annual rental amount specified by the Postal Service in the exercise of the option by the Postal Service nor specify an alternate amount of rent.

30. On January 20, 2004, Caruso sent a letter to the Postal Service to advise it of the recent change in ownership and announce that it was Marina's on-site property management company. App. 82. The letter further stated, "We are currently auditing the tenant billing records to ensure their accuracy; any discrepancies will be communicated to you within the next 30 days." Id..

31. On August 4, 2004, Caruso sent a letter to the Postal Service regarding the Postal Service's "requirements for transfer of ownership." App. 85. In this letter, Caruso stated that it had performed a "careful review of the sublease" regarding the documents required for such a transfer. Id..

32. On January 20, 2005, Caruso sent a letter which directed the Postal Service to pay rent of $13,865.00 per month, which is the equivalent of $166,380.00 per year. App. 73.

33. On November 3, 2005, plaintiff's attorney, Ernie Zachary Park of Bewley, Lassleben & Miller, LLP, Whittier, California, submitted a letter on behalf of Marina Waterside in which he claimed that the annual rent for the premises was $271,150.50, not $166,380.00 and that the Postal Service therefore owed additional rent, as follows:

---

[3]Plaintiff would not agree to include these facts in the stipulation as uncontested, so they are listed here as controverted in accordance with the Court's order to file a joint statement of facts. In fact, however, plaintiff has produced no evidence to contest them. It is the Government's view that these statements of fact are not controverted within the meaning of RCFC 56(e).

$271,150.50 (plaintiff's proposed annual rent)
- $166,380.00 (USPS annual rent)
$104,770.50
x 5 (years in the option)
$523,852.50

App. 68-70.

34. The contracting officer denied the claim in a letter dated December 28, 2005, stating that the chosen annual rate of $166,380.00 was a reasonable fair market value, and that in waiting to protest the annual rate of $166,380.00 for almost two years, the plaintiff agreed to the rate and waived its right to object. App. at 71-72.

35. On February 1, 2006, Caruso sent a letter to the Postal Service with a memorandum setting out the monthly rental amount of $13,865.00, as well as additional amounts that the Postal Service owed for Common Area Maintenance, property taxes and other standard lease additions. App. 84.

36. On February 13, 2006, the Postal Service sent to J.P. Morgan Chase Bank, N.A., an estoppel certificate for the subleased premises. App.74-81. In the letter accompanying the estoppel certificate the Postal Service advised J.P. Morgan Chase Bank, N.A. that the annual rental rate for the subleased premises was $166,380.00. App. 74 ¶ 3.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

MARK A. MELNICK
Assistant Director

/s/ Ernie Zachary Park
ERNIE ZACHARY PARK
Bewley Lassleben & Miller
12315 E. Penn Street, Suite 510
Whittier, California 90602
(562) 698-9771 (phone)
(562) 696-6357 (fax)

Attorney for Plaintiff

December 22, 2006

/s/ Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0341
Fax: (202) 514-8624

Attorneys for Defendant