# THIRD SUBLEASE AMENDMENT

This sublease amendment is made and entered into on this 2nd day of January, ~~1996~~/1997 by and between United States Postal Service ("Tenant") and Carlisle Realty Holdings, L limited partnership, ("Landlord").

WHEREAS, Landlord and Tenant have entered into a Sublease dated February 27, 1981 for the property known as 4736-4738 Admiralty Way, Marina Del Rey, California ("Lease"), and have further amended this sublease by First Amendment to Sublease dated September 11, 1981, and furthermore by Sublease Amendment dated May 16, 1988, and furthermore by Second Sublease Amendment dated July 23, 1990; and

WHEREAS, Landlord and Tenant are desirous of amending certain provisions of the lease:

NOW THEREFORE, in consideration of their mutual covenants herein set forth, the parties agree as follows:

THE following lease modifications are hereby entered into:

1. Term and Commencement Date. Article 5 of the Sublease as amended by Article 1 of the Sublease Amendment and as further amended by Article 3 of the Second Sublease Amendment is modified as follows:

The new five year lease extension which shall commence on October 1, 1995 and end ~~of~~ on September 30, 2000.

2. Article 4 of the Second Sublease Amendment dated July 23, 1990 is amended to reflect the rental of $129,000 per annum for the current space (A-29). Rent payments made from October 1, 1995 to date has been at a rate of $110,922 per annum. The rent established in the Binding Appraisal dated October 28, 1996 is $129,000 per annum. The new rent is payable no later than sixty days from the effective date of this signed and accepted lease amendment. The payment will be adjusted in the following manor: The Postal Service shall pay the deficit (difference between the amount paid since October 1, 1995 and the rental value established by the final version of the Binding Appraisal dated October 28, 1996), no later than sixty days from the effective date of the signed and accepted lease amendment. The rent of $129,000 per annum will continue until the Postal Service accepts the new space (B-5) at 4766 Admiralty Way, acceptance not to be unreasonably withheld. The rent for space B-5 is $166,380 per annum (based on 5,545 square feet at $2.50 per square foot per month).

3. Relocation. The Postal Service will relocate its Premises to 4766 Admiralty Way (B-5) which is 5,545 square feet (size to be confirmed by construction drawings). Total rent shall be adjusted to reflect any difference in size (based on $2.50 per square foot per month). Landlord agrees to pay the design costs, construction costs, and signage moving costs. Tenant will pay incidental moving costs. Tenant will be given sixty and thirty day notices of the anticipated completion date. Landlord and Tenant will coordinate the relocation of the Tenant to minimize disruption in Tenant's operations.

| | |
|---|---|
| Richard Fownes, President and of Marina General Partner | Jack Davidson, Contracting Officer, Postal Service |
| Date: 1/2/97 | Date: 1/20/97 |

Ex 5



1/2/97

FOURTH SUBLEASE AMENDMENT

November This fourth sublease amendment is made and entered into this 16th day of ~~October~~, 1999 by and between Carlisle Reality Holdings I, L.P. a Massachusetts limited partnership ("Lessor") and United States Postal Service ("Lessee").

WHEREAS, Lessor and Lessee have entered into a sublease dated February 27, 1981, and further amended by First Sublease Amendment dated September 11, 1981, Sublease Amendment dated May 16, 1988, Second Sublease Amendment dated July 23, 1990 and Third Sublease Amendment dated May 16, 1988 ("Lease").

WHEREAS, Lessor and Lessee desire to amend certain provisions of the Lease as follows:

1) Article 1 of the Third Sublease Amendment is hereby amended as follows: One new five year term to commence October 1, 2000 and terminate September 30, 2005. With one additional five year option to renew on the same basic terms and conditions of the lease. The option granted shall be exercised by Lessee by delivery of written notice to Lessor one hundred twenty (120) days prior to the expiration of this Lease.

2) Article 2 of the Third Sublease Amendment is hereby amendment to provide for a fixed minimum annual rental rate of one hundred sixty six thousand three hundred eighty dollars ($166,380). The fixed minimum annual rental rate for the above referenced five year option to renew will be determined based on the fair market value.

FURTHERMORE, based on Exhibit D of the Lease, paragraph 8 of the Lease shall be deleted in entirety and replaced with the following:

"Pursuant to Paragraph 13 of the Master Lease, Lessor pays the County of Los Angeles ("the County") rent based upon the gross rental income derived by Lessor from Lessee's occupancy of the premises ("percentage rentals"). Lessee shall reimburse Lessor for all percentage rentals Lessor pays to the County which may exceed ten percent (10%) of the minimum rent and ten percent (10%) of the percentage rent received by Lessor from Lessee under this Lease.

In the event that after the commencement date of the term of this Amendment, rentals under the Master Lease are increased, in accordance with Paragraphs 13, 14 and 15 of the Master Lease, and such increase is retroactive, so as to apply to some or all of the previous months during the term of this Amendment and the Lease, as amended, Lessee's obligations hereunder shall include its payment of its share of any retroactive increase for such previous months within twenty (20) days after billing by Lessor.

THE ABOVE NOTWITHSTANDING, all other basic terms and conditions of the Lease, as amended, shall remain in full force and effect.

**LESSOR**
CARLISLE REALTY HOLDINGS, I, LP
a Massachusetts limited partnership

Richard G. Fownes, President
Marina General Partner, Inc.

**LESSEE**
UNITED STATES POSTAL SERVICE

JACK DAVIDSON
MANAGER, REAL ESTATE/
CONTRACTING OFFICER

395 OYSTER POINT BLVD STE 225
SO SAN FRANCISCO CA 94099-0300

UNITED STATES POSTAL SERVICE.

# Exercise of Renewal Option

Facility Name/Location VENICE - MARINA DEL REY BRANCH
4766 ADMIRALTY WAY MARINA DEL REY CA 90292-9998

County: LOS ANGELES
Project: F58127

TO
MARINA SHOPPING CENTER
C/O MARINA WATERSIDE
SHOPPING CTR
4745 LINCOLN BLVD
MARINA DEL REY CA 90292-6901

Certified Mail #: 37445375

Issuing Office
Pacific FSO
395 Oyster Point Blvd
So. San Francisco CA 94080-0300

| Date of Existing Contract: 02/27/1981 | Options available (Number and Years) 1 Option(s) covering 5 Years |
|---|---|

Pursuant to the contract with you covering this facility, the Postal Service hereby exercises its option to renew said contract as follows:

| Term: 5 years | From (Date): 10/01/2005 | To (Date): 09/30/2010 | Annual Rate: $166,380.00 |
|---|---|---|---|

There is/are 0 renewal option(s) remaining. In all other respects the said contract shall remain the same and is hereby confirmed.

Remarks
THANK YOU FOR CONTINUED OCCUPANCY OF THIS FACILITY.

| Date | Name of Contracting Officer | Signature |
|---|---|---|
| 01/06/2004 | JACK DAVIDSON | [signature] |

☐ Postmaster ☐ RES ☐ District

RERENEWAL (Nov 97, v2.00, P)



Ex 8

UNITED STATES POSTAL SERVICE

**Lease Amendment**

| Facility Name/Location | Amendment Number |
|---|---|
| Marina del Rey Branch - 4766 (B-5) Admiralty Way, Marina del Rey, CA 90291-9998 Project: 058106-012 | 4 |

This refers to the Lease accepted by the United States Postal Service, hereinafter called the Postal Service, under date of 02/27/1981 whereby there is leased to the United States Postal Service the above-described postal facility.

WHEREAS the Postal Service desires and Landlord is willing to:
1. Add two five-year renewal options
2. Clarify USPS reimbursement of real estate taxes, CAM, insurance and ground lease to Landlord.

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein set forth, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties do hereby agree to amend the Lease as follows, effective 05/20/1999
1. First renewal option beginning 10/01/2000 and ending 09/30/2005 at an annual rate of $159,696.00.
2. Second renewal option beginning 10/01/2005 and ending 09/30/2010 at an annual rate to be determined in accordance with Attachment A.
3. The USPS will be responsible for reimbursement of real estate taxes, CAM, insurance, and ground lease in Accordance with Attachment One and Addendum.
4. Attachment A
5. Attachment One
6. Addendum
7. Year 2000 Warranty

In all other respects, the Lease shall remain the same and is hereby confirmed.

Date: ______________

Carlisle Realty Holdings I
Print Landlord's Name ______________ Signature ______________

Print Landlord's Name ______________ Signature ______________

Print Landlord's Name ______________ Signature ______________

Print Landlord's Name ______________ Signature ______________

Print Landlord's Name ______________ Signature ______________

Print Landlord's Name ______________ Signature ______________

c/o Marina Waterside, 4745 Lincoln Blvd., Marina del Rey, CA 90292-6901
Number and Street Name, City, State and ZIP+4 Address of Landlord

310-823-0145
Telephone Number

**Acceptance By The Postal Service**

Contracting Officer ______________ Signature of Contracting Officer ______________ Date ______________

**BEWLEY, LASSLEBEN & MILLER, LLP**
ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
SUITE 510 WHITTIER SQUARE
13215 EAST PENN STREET
WHITTIER, CALIFORNIA 90602-1797

E-Mail: Ernie.Park@Bewleylaw.com

EDWARD L. MILLER*
J. TERRENCE MOOSCHEKIAN
ERNIE ZACHARY PARK*
RICHARD L. DEWBERRY*
JEFFREY S. BAIRD
KEVIN P. DUTHOY
JOSEPH A. VINATIERI
JASON C. DEMILLE
LEIGHTON M. ANDERSON
MICHAEL J. DEWBERRY
DAVID A. BRADY

*A PROFESSIONAL CORPORATION

OF COUNSEL
SUZANNE R. KRAMER-MORTON

(562)698-9771
(323)723-8062
(714)994-5131
FACSIMILE (562)698-6357

THOMAS W. BEWLEY
(1903-1986)
WILLIAM M. LASSLEBEN, JR.
RETIRED 1995

J. TERRENCE MOOSCHEKIAN
CERTIFIED SPECIALIST, TAXATION LAW
CALIFORNIA BOARD OF SPECIALIZATION

WRITER'S DIRECT DIAL NUMBER
(562) 907-2026

WRITER'S DIRECT FAX NUMBER
(562) 698-6357

November 3, 2005

**VIA FEDERAL EXPRESS**

Ron Borkgren
UNITED STATES POST OFFICE
PACIFIC FACILITIES SERVICE OFFICE
395 Oyster Point Blvd., Ste. 225
South San Francisco, CA 94080-0300

Los Angeles Field Office
UNITED STATES POSTAL SERVICE, RE& BLDGS DEPT.
INGLEWOOD, CA 90311

RE: Marina Waterside/United States Post Office

Dear Mr. Borkgren:

This office acts as counsel for the landlord in connection with the above referenced matter. I write in that capacity.

As a preliminary point, I acknowledge that the lease in question is with the United States Government. Accordingly, and to the extent necessary under federal law and applicable post office regulations, this letter should be understood as a necessary claim and/or demand. To that end, the landlord expressly reserves all of its rights and remedies under both the lease and applicable federal law.

The subject matter dispute turns on the rent due under the lease. As you know, the prior lease expired as of September 30, 2005. Pursuant to the terms of the Fourth Sublease Amendment, the landlord granted the tenant an option to extend the lease term for another five years. Pursuant to the express terms thereof, the rent for the option period would "...be determined based on the fair market value." While you have rejected the foregoing interpretation (an issue discussed more fully below), the landlord hereby invites you to participate in a determination of fair market value in the option period. The landlord believes that that value

is $271,150.50 on an annualize basis. That calculation is based on 5,545 square feet at $48.90 per square foot.

Of course, a determination of fair market value is a function of comparable leasing rates. To that end, the landlord has looked to other leases in effect at the center. In that regard, the following other leases are relevant to this determination:

| Lease Effective Date | Square Footage | Rent Per Square Foot | Annual Rent |
|---|---|---|---|
| November 2005 | 2,029 | $54.00 | $109.566.00 |
| November 2005 | 2,410 | $45.00 | $108,450.00 |
| November 2005 | 2,822 | $50.16 | $141,551.52 |
| November 2005 | 3,200 | $47.50 | $152,000.00 |

As you can see, the landlord's determination as to the fair market value of this lease falls squarely within the foregoing parameters. We will hold the matter in abeyance for a period of fifteen days in order to afford you an opportunity to provide input as to this issue. Absent word from you, we will understand that you do not contest the foregoing determination. Of course, using our calculation, there is presently a default for October (and now November rent). Please consider this letter a demand therefor.

Let me next turn to what I understand to be your position in this matter. Essentially, I understand that you are contending that there was no rent increase intended during the option period based on the language found in paragraph 1 of the Fourth Sublease Amendment to the effect that the lease would be "...on the same basic terms and conditions...." I gather you take that language to mean that the rent must, therefore, be on the "same basic terms." Frankly, that argument flies in the face of the lease, usual rules of contract construction and, in fact, the past dealings of the parties.

The lease amendment clearly provides for an increase in rent during the option term, i.e., as noted above, paragraph 2 of the Fourth Amendment expressly provides for an increase based upon a determination of fair market value. Your interpretation offers no explanation as

to the inclusion of that language in the amendment and would require that it simply be ignored. As I am sure you know, one of the cardinal rules of contract construction is that each provision of the agreement is to be given effect and, where possible, the provisions of the lease are to be read together in a consistent fashion. Clearly, our construction of the lease complies with those rules, i.e., the lease is to be treated as on the same basic terms except for the increase in rent. On the other hand, your proposed interpretation obviously violates the foregoing rule in that, as noted above, you must ignore an entire sentence of the amendment for your construction to make sense.

The landlord's interpretation is not only consistent with the lease language and rules of contract interpretation, but it is consistent with the prior dealings of the parties. Again, your construction *is not*. *Indeed*, the entire history of the relationship between the parties is that rent has increased at the outset of each option term. In fact, the very language *you rely upon* is found in the original lease in that it refers to the lease during the option term being "...on the same terms and conditions..." except for the increased rent amount. (See paragraph 49(a) of the initial lease). Thus, again, our interpretation is consistent with the prior conduct of the parties, **including the language upon which you now rely.**

In sum, and with all due respect, there is simply no basis for the government's position in this matter. Accordingly, we reiterate the demand set forth herein and we look forward to your timely reply. Thank you.

Very truly yours,

BEWLEY, LASSLEBEN & MILLER, LLP

Ernie Zachary Park

Cc: Bret Nielsen (via fax)
Dan Burgner (via fax)

Legal Review – Final letter Sent.

COPY

PACIFIC FACILITIES SERVICE OFFICE

UNITED STATES POSTAL SERVICE

December 28, 2005 CERTIFIED LETTER: #7004 2890 0001 0852 6734

Mr. Ernie Park, Attorney
Bewley, Lassleben & Miller, LLP
13215 E Penn Street
Whittier, CA 90602-1797

Re: Venice, CA – Marina Del Rey Branch
4766 Admiralty Way
Marina Del Rey, CA 90292-9998
Fourth Sublease Amendment – Option to extend for five years / Claim for $523,852.50 additional rent for 5 years.

Dear Mr. Park:

This will acknowledge receipt of your November 3, 2005 correspondence concerning "Fourth Sublease Amendment – Option to extend for five years - exercised 1/06/04 by USPS Contracting Officer."

The Postal Service exercised the 5 year option (10/1/05 – 9/30/10) on 1/06/04 for $166,380/year. The exercise of renewal notice was then transmitted via certified letter #7003 0500 0005 3744 5375 and accepted by Kathy Parks of "The Marina Waterside Shopping Center" on 1/4/04. The renewal was based on: the last sublease amendment dated November 16, 1999 and titled FOURTH SUBLEASE AGREEMENT. Paragraph 4 of the amendment states, "1). Article 1 of the Third Sublease Amendment is hereby amended as follows: One new five year term to commence October 1, 2000 and terminate September 30, 2005. With one additional five year option to renew on the same basic terms and conditions of the lease. The option granted shall be exercised by Lessee by delivery of written notice to lessor one hundred twenty (120) days prior to the expiration of this Lease."

You reference the fourth sublease amendment paragraph 5 which states, "2 Article 2 of the Third Sublease Amendment is hereby amendment (sic) to provide for a fixed minimum annual rent rate of one hundred sixty six thousand three hundred eighty dollars ($166,380). The fixed minimum annual rental rate for the above referenced five year option to renew will be determined based on fair market value." Past experience with your predecessor has always led to the lessor establishing a stated rent amount for the option rental term in their amendments, as it did in the last amendment for the 2005 – 2010 term. Additionally, it is well known that the rental market has weakened substantially. Our interpretation of the clause is, therefore, clearly not unreasonable. In fact, its accuracy is quite obvious. On January 6, 2004, the Postal Service exercised its option to renew the lease which clearly depicts on the one-page Exercise of Renewal Option, the rental rate of $166,380. Neither the prior nor the present lessors ever stated there was any issue with the rental amount, until now, almost 2 years later, when your client decides to make it an issue. Contrary to your assessment, it is your latest interpretation, after almost 2 years from date of the lessor's acceptance, that is unreasonable and in error.

395 OYSTER POINT BOULEVARD
SOUTH SAN FRANCISCO, CA 94080-0300
(650) 615-7208
FAX (650) 615-7239

This is the final decision of the contracting officer pursuant to the Contract Disputes Act of 1978. You may elect to appeal this decision to the Postal Service Board of Contract Appeals by mailing or otherwise furnishing written notice (preferably in triplicate) to the contracting officer within 90 days from the date you receive this decision. The notice should identify the subject matter, reference this decision, and indicate that an appeal is intended. Alternatively, you may bring an action directly in the United States Claims Court within 12 months from the date you receive this decision.

Ron Borkgren
Contracting Officer

C. file

05 JAN 28 PM 1:30

CARUSO
AFFILIATED

January 20, 2005

Ms. Laurene Yamakido
US Postal Service
Attn: Real Estate Departmaent
395 Oyster Point Bl., #225
S. San Francisco, CA 94080

RE: **2005 Common Area Maintenance, Property Tax and Property Insurance**
**Marina Waterside – Marina Del Rey, CA**

Dear *Ms. Yamakido*:

We have finalized and are enclosing the 2005 Common Area Maintenance, Property Tax and Property Insurance budget for Marina Waterside. Pursuant to the attached schedule on **January 1, 2005**, please begin paying the revised monthly rental as follows:

| | | |
|---|---|---|
| Minimum Monthly Rent: | $13865.00 | 17,304 |
| Estimated CAM Impound: | $1442.00 | 2,7?? / 56,832 |
| Estimated Property Insurance Impound: | $225.00 | |
| Estimated Property Tax Impound: | $1364.00 | 18,368 |
| Promotional Fee: | $- | |
| Ground Rent – Minimum Rent | $1387.00 | 16,644 |
| Ground Rent – Insurance & Tax | $318.00 | 3,516 |
| Total Revised Monthly Rent: | **$18,601.00** | |

Please make checks payable to Marina Waterside, LLC and send to Marina Waterside, LLC, P.O. Box 515368, Los Angeles, CA 90051-6668 (*note: please make sure not to include c/o Caruso Affiliated or any other name because we have had problems with the lockboxes identifying anything other than the property name*). If you have any questions or comments, please do not hesitate to call us.

Sincerely
CARUSO MANAGEMENT CO., LTD.

Matthew Simon
Property Manager
Marina Waterside

Enclosure

cc: File

73

Pacific Facilities Service Office

UNITED STATES
POSTAL SERVICE

February 13, 2006

JP MORGAN CHASE BANK N.A
ATTN: BIRDIE WING
10940 WILSHIRE BLVD #2200
LOS ANGELES CA 90024

RE: MARINA DEL REY CA 90291-9998 – MARINA DEL REY BRANCH
FINANCE NO.: 058106-012

Dear Lessors:

Pursuant to your request for the Postal Service to execute an Estoppel Certificate for the above referenced property, the following information is provided:

1. That the Lease accepted by the United States Postal Service on February 27, 1981, for reference purposes, is in full force and effect.

2. That the primary lease term commenced July 1, 1981. The 1st Amendment was issued to clarify the term of lease to commence on October 1, 1981 with an expiration date of September 30, 1986. A 2nd Amendment was issued to add a 5-year lease extension to be effective October 1, 1990 with an expiration date of September 30, 1995. A 3rd Amendment was issued to add a 5-year lease extension effective October 1,1995 and expired September 30, 2000. A 4th Amendment was issued to extend the lease effective October 1, 2000 with an expiration date of September 30, 2005 with an additional 5-year Renewal Option which was exercised on January 6, 2004 with no renewal option term available.

3. That the current rental is $166,380.00 per annum. Rent does not include CAM charges, Insurance, Property Taxes, Pass-through charges which are paid monthly @ $6,265 and are reconciled annually.

4. That our monthly rent checks are due and payable on the last day of each month and made payable to: MARINA WATERSIDE LLC, P.O. BOX 515368, LOS ANGELES CA 90051-6668.

5. That, to the best of Tenant's knowledge, as of the date of this letter, there are no known unperformed obligations on the part of the landlord to the tenant.

If events occur which would give the Postal Service the right to cancel this lease for default, the Postal Service shall give prior written notice of any proposed default action to the mortgagee or assignee of monies due or to become due under the lease, if the U.S. Postal Service has been informed in writing of such mortgage or assignment.

395 OYSTER POINT BOULEVARD #225
SOUTH SAN FRANCISCO, CA 94080-0300
EMAIL: EVANGELINE.SANJUAN@EMAIL.USPS.GOV
FAX ((650) 615-7243 PHONE (650) 615-7234

It is understood that the foregoing statements are not intended to preclude the Postal Service from requiring the lessor to correct or complete any items of non-compliance with the contract terms which may be subsequently discovered.

The information furnished in this letter is true to the best of my knowledge and is not intended to induce reliance on your part as to the accuracy of the information. I expressly disclaim any responsibility for the accuracy of this information.

Further, you are advised that the Postal Service waives no rights under the lease against the present lessor for any past, present or future breaches of the lease, and the Postal Service expressly reserves the right to offset against future rental payments any repairs which the lessor is obligated under the terms of the lease to make and failed or fails to make, and to offset against future tax payments any incorrect payments of past tax payments, and to offset against future CAM charges any incorrect payments of past CAM charges, if applicable.

Finally, with respect to any assignment of future rents due under the lease, your attention is directed to paragraph A.9, Assignments, in the General Conditions to USPS Lease.

Sincerely,

RON BORKGREN
Contracting Officer

# TENANT ESTOPPEL

Upon Completion, Please Return to:
JPMORGAN CHASE BANK, N.A.
10940 Wilshire Blvd.Suite
2200 Los Angeles, CA 90024
ATTN: Birdie Wing

Loan No. V_ 55672

Today's Date: February 1, 2006 Lease Date: 2/27/1981

Lease Commencement Date: 11/15/1990 Lease Expiration Date: 9/30/2005

Dates of Amendments or Modifications: 1st Amendment of Sublease 9/11/1981, (?? 5/16/1988), 2nd Amendment to Sublease 7/23/1990, 3rd Amendment to Sublease 7/22/1996, 4th Amendment to Sublease 11/16/1999

Property Name: Marina Waterside

Landlord: Marina Waterside, LLC

Tenant: United States Postal Service d/b/a ______

Leased Premises: Suite/Unit: # C-5 Leased Square Footage: 5,545 s.f.

Monthly Rental (excluding CAM): $ 13,865.00 Annual Rental (excluding CAM): $ 166,380.00

Percentage Rent: N/A % Breakpoint: $ N/A Security Deposit Paid: $ None

CAM Expenses Paid:
operating expenses $ 2,464.00 insurance $ 357.00 taxes $ 1,655.00 other $ N/A

ground rent $ 1,387.00 ground rent tax & insurance $ 402.00

Amount of financial reimbursements owed from Landlord, if any: $______

The undersigned states that he/she is fully authorized on behalf of the Tenant in the above-described Lease to execute this letter and hereby certifies to the Landlord and JPMorgan Chase Bank, N.A., its successors and/or assigns (hereinafter, "Lender"), that the information set forth herein is true and accurate:

1. The Lease is in full force and effect; there are no other promises, agreements, understandings or commitments between Landlord and Tenant relating to the Leased Premises; and Tenant is open for business and in operation in the Leased Premises and has not given Landlord any notice of termination thereunder.

2. To the best of Tenant's knowledge and belief, no uncured default, event of default, or breach by Landlord or Tenant currently exists under the Lease. Tenant has made no claim against Landlord alleging Landlord's default under the Lease.

3. Tenant is obligated to pay rent to Landlord at the rate set forth in the Lease. Tenant has not prepaid any rent or other amounts to Landlord other than rent and other charges due and payable in the calendar month of this certification. All forms of rent that is due and payable have been paid through ______________.

4. In connection with its use and occupancy of the Leased Premises, Tenant is not and will not become engaged in the production, treatment, release or storage of hazardous or toxic substances which pose a substantial risk of imminent damage to public health or safety or to the environment.

5. Tenant is not currently a debtor in any bankruptcy, reorganization, arrangement or insolvency proceedings.

6. Tenant has received no notice of prior sale, transfer, assignment, hypothecation or pledge of the said Lease or of the rents secured therein, except to above described Lender.

7. If Lender or its designee succeeds to Landlord's interest in the Property or if a sale by power of sale or foreclosure occurs, Tenant shall attorn to Lender, its designee or a purchaser at such sale as its landlord.

8. Tenant has no options, rights of first refusal, termination, or exclusive business rights except as follows:______________________________________________________________

______________________________________________________________________

______________________________________________________________________

_____________________________________________________________________.

9. Tenant agrees to provide Lender copies of any and all notices given under the Lease. Such notices shall be sent to Lender at the following address (or such other address as Lender may designate): JPMorgan Chase Bank, N.A., c/o ARCap Servicing, Inc., 5221 N. O'Connor Blvd., Suite 600, Irving, Texas 75039, Attention: Clyde F. Greenhouse.

TENANT:

United States Postal Service

By:______________________________

Name: ___________________________

Title: ___________________________

GUARANTOR:

_________________________________

By:______________________________

Name: ___________________________

Title: ___________________________