FEB-10-2004 12:13 FROM-CARUSO ATED HOLDINGS +3104580212 T-644 P.002/004 F-593

Jan-20-2004 01:52pm From-STEWART HTS +818-507-5625 T-160 P.017/027 F-626

FTB

ASSIGNMENT OF SUBLEASES AND SECURITY DEPOSITS

This Assignment of Subleases and Security Deposits ("Assignment") is entered into as of the 20th day of January, 2004, by and between CARLISLE REALTY HOLDINGS I LIMITED PARTNERSHIP, a Massachusetts limited partnership ("Assignor") and MARINA WATERSIDE, LLC, a California limited liability company ("Assignee"), with reference to the following facts:

A. Assignor and Caruso Property Management, Inc. ("Purchaser") are parties to that certain Agreement for Purchase and Sale dated as of May 9, 2003 (as amended, the "Agreement") whereby Assignor, as seller, agreed to sell and convey to Purchaser, as buyer, the "Property" (as defined in the Agreement). All undefined terms in initial capital letters used herein shall have the same definitions as set forth in the Agreement.

B. Purchaser has assigned its rights under the Agreement to Assignee.

C. The Property comprises in part the Leases. The Agreement requires the execution and delivery of this Assignment, and Assignor wishes to assign all of Assignor's right, title and interest as sublessor under the Leases to Assignee pursuant to the terms of this Assignment.

NOW, THEREFORE, in consideration of the covenants herein contained and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1. Assignment. As of the date hereof, Assignor hereby sells, assigns and transfers to Assignee all of Assignor's right, title and interest as sublessor under the Leases. A true and complete schedule of the Leases and of all security deposits held by Assignor is attached hereto as Exhibit A. Assignee hereby acknowledges that Assignee has received all of the security deposits referenced in Exhibit A.

2. Title to Leases. Assignor represents and warrants to Assignee that Assignor has not previously assigned all or any portion of its interest in the Leases to any party.

3. Indemnification. Assignor shall be liable for all obligations of the lessor which have accrued under the Leases as of the date hereof and shall protect, defend, indemnify and hold Assignee harmless from and against any "Claim" (hereinafter defined) in any way related to the Leases and arising or accruing on or before the date hereof. Assignee shall be liable for all obligations of the lessor which accrue under the Leases following the date hereof and shall protect, defend, indemnify and hold Assignor harmless from and against any "Claim" in any way related to the Leases and arising or accruing after the date hereof. The foregoing indemnification obligations shall be subject to the following provisions:

3.1 "Claim" means any obligation, liability, claim (including any claim for damage to property or injury to or death of any persons), lien or encumbrance, loss, damage, cost or expense (including any judgment, award, settlement, reasonable attorneys' fees and other costs and expenses incurred in connection with the defense of any actual or threatened action, proceeding or claim (including appellate proceedings), and any collection costs or enforcement costs).

3.2 The indemnification obligations under this Assignment shall also

extend to any present or future advisor, trustee, director, officer, partner, member, manager, employee, beneficiary, shareholder, participant or agent of or in the party seeking indemnification or any entity now or hereafter having a direct or indirect ownership interest in any such person or entity.

3.3 Notwithstanding any actual or perceived conflict of interest among the indemnified parties, the indemnitor shall be responsible for the payment of reasonable attorneys' fees and costs of only one (1) defense counsel.

4. Miscellaneous.

4.1. In the event either party commences legal action to interpret or enforce this Assignment, or for damages for any alleged breach hereof, the prevailing party in such action shall be entitled to reasonable attorneys' fees and costs of litigation and investigation as may be awarded by the court.

4.2. No claim of waiver, modification, consent or acquiescence with respect to any of the provisions of this Assignment shall be made against either party, except on the basis of a written instrument executed by said party.

4.3. All of the terms and provisions contained herein shall inure to the benefit of and shall be binding upon Assignor and Assignee and their respective heirs, personal representatives, successors and assigns.

4.4 This Assignment shall be governed by the internal laws of the State of California. The Superior Court of Los Angeles County, California shall have exclusive jurisdiction in the event of any dispute arising out of the interpretation or enforcement of this Assignment.

[SIGNATURES ON NEXT PAGE >>]

above written.

ASSIGNOR: CARLISLE REALTY HOLDINGS I LIMITED PARTNERSHIP, a Massachusetts limited partnership

By: Marina Associates, Inc., a Delaware corporation, General Partner

By: ______________________
Richard Fowmes, President

ASSIGNEE: MARINA WATERSIDE, LLC, a California limited liability company

By: ______________________
Rick J. Caruso, Manager

This Assignment has been executed by the parties hereto as of the day and year first above written.

ASSIGNOR: CARLISLE REALTY HOLDINGS I LIMITED PARTNERSHIP, a Massachusetts limited partnership

By: Marina Associates, Inc., a Delaware corporation, General Partner

By:_________________________
Richard Fownes, President

ASSIGNEE: MARINA WATERSIDE, LLC, a California limited liability company

By: _________________________
Rick J. Caruso, Manager

CARUSO AFFILIATED HOLDINGS

VA
Venice CA
Marina del Rey Branch
058166-02
Change of ownership

January 20, 2004

04 JAN 26 PM 1:55

Attn: Vangie San Juan
United States Postal Service
395 Oyster Point Blvd. #225
S. San Francisco, CA 94080

Re: Marina Waterside New Ownership

Dear Ms. San Juan:

We are pleased to announce our purchase of the Marina Waterside shopping center in Marina del Rey, California as of January 20, 2004. The terms and conditions of your lease shall remain in full force under this new ownership.

As of today's date, **all property management inquiries** should be directed to:

310 823-0145

Shirlee J. Kingsley, CPM
Vice President and General Manager
Caruso Affiliated
4799 Commons Way, Ste. L
Calabasas, CA 91302
(818) 222-3444 telephone
(818) 222-3445 facsimile
**On-site Property Management office (310)823-0145**

Effective immediately, **all rental payments** should be mailed to:

**Marina Waterside, LLC**
**P.O. Box 51961**
**Los Angeles, CA 90051-6261**

We are currently auditing the tenant billing records to ensure their accuracy; any discrepancies will be communicated to you within the next 30 days. Your monthly charges are listed on attached schedule, due and payable in accordance with the terms of your lease. **Monthly statements will not be mailed.**

Marina Waterside is an exciting project for Caruso Affiliated and we are looking forward to working the merchants and the community to further enhance it's unique dining and shopping experience.

Sincerely,
Caruso Affiliated

Shirlee Kingsley

Shirlee J. Kingsley, CPM
Vice President and General Manager

Cc: File

## Marina Waterside
## Monthly Rental Schedule

US Postal Service

| | |
|---|---|
| Ground Rent Ins & PTX | $251.87 |
| Ground Rent | $1,386.50 |
| Minimum Rent | $13,865.00 |
| Insurance | $346.86 |
| Property Tax | $912.51 |
| CAM | $1,536.43 |
| Merchants Association | $0.00 |
| | $18,299.17 |

058186-012

CARUSO AFFILIATED

February 1, 2006

Ms. Laurene Yamakido
US Postal Service
Attn: Real Estate Departmaent
395 Oyster Point Bl., #225
S. San Francisco, CA 94080

RE: **2006 Common Area Maintenance, Property Tax and Property Insurance**
**The Waterside – Marina del Rey, CA**

Dear *Ms. Yamakido*:

We have finalized and are enclosing the 2006 Common Area Maintenance, Property Tax and Property Insurance budget for Marina Waterside. Pursuant to the attached schedule on **January 1, 2006**, please begin paying the revised monthly rental as follows:

| | |
|---|---|
| Minimum Monthly Rent: | $13,865.00 |
| Estimated CAM Impound: | $2,464.00 |
| Estimated Property Insurance Impound: | $357.00 |
| Estimated Property Tax Impound: | $1,655.00 |
| Promotional Fee: | $N/A |
| Ground Rent – Minimum Rent | $1,387.00 |
| Ground Rent – Insurance & Tax | $402.00 |
| Storage | $- |
| Ground Rent – Storage | $- |
| Total Revised Monthly Rent: | $20,130.00 |

$75,180
$6,265 mo.

Please make checks payable to Marina Waterside, LLC and send to Marina Waterside, LLC, P.O. Box 515368, Los Angeles, CA 90051-6668 (*note: please make sure not to include c/o Caruso Affiliated or any other name because we have had problems with the lockboxes identifying anything other than the property name*). If you have any questions or comments, please do not hesitate to call us.

Sincerely
CARUSO MANAGEMENT CO., LTD.

Matthew Simon

Matthew Simon
Property Manager
The Waterside

Enclosure
cc: File

CARUSO AFFILIATED

August 4, 2004

8/9/04 Ron called Ms. Kathy Parks re: change ownership package Vangie

04 AUG -9 PM 7:31

Ms. Vangie SanJuan
US Postal Service
395 Oyster Point Blvd., #225
S. San Francisco, CA 94080-0300

RE: NEW OWNERSHIP
MARINA WATERSIDE CENTER

Dear Ms. SanJuan:

This letter is in reference to your Venice CA 90291-9998 Marina del Rey Branch. We are in receipt of the United States Postal Service requirements for transfer of ownership. Upon careful review of the sublease we could not locate any provisions which require Lessor to provide you with the requested documents. We have, however, provided you with the following documents:

- W-9 Marina Waterside LLC
- Assignment of Subleases and Security Deposits
- New Ownership Letter dated 1/20/04
- Address Correction Letter dated 2/5/04

Please change the name and address for rental payments to the following:

Marina Waterside LLC
P.O. Box 515368
Los Angeles, CA 90051-6668

Please do not hesitate to contact me if you have any questions or require further information.

Sincerely,

Kathy Parks

Kathy Parks
Property Manager

Cc: D. Burgner- Caruso Affiliated

8/26/04 Spoke w/ Ms Parks & remind her about the chg of ownership pkg. She will have to talk to Corporate ofc. Vangie

(3/10 8/23 0145)

PACIFIC FACILITIES SERVICE OFFICE

UNITED STATES POSTAL SERVICE

JANUARY 7, 2004

MARINA WATERSIDE CENTER
MS KATHY PARKS
4745 LINCOLN BLVD
MARINA DEL REY CA 90292

ESTOPPEL CERTIFICATE

RE: VENICE CA 90291-9998 – MARINA DEL REY BRANCH
FINANCE NO.: 058106-012

To Whom It May Concern:

The undersigned, as lessee on the above referenced property, hereby confirms and represents to you, as follows:

1. That the Lease entered into by the Postal Service on February 27, 1981 is in full force and effect.

2. That the primary lease commenced July 1, 1981. The 1st Amendment was issued to clarify the term of lease to commence on October 1, 1981 with an expiration date of September 30, 1986. A 2nd Amendment was issued to add a 5-year lease extension to be effective October 1, 1990 with an expiration date of September 30, 1995. A 3rd Amendment was issued to add a 5-year lease extension effective October 1, 1995 and expired September 30, 2000. A 4th Amendment was issued to extend the lease effective October 1, 2000 with an expiration date of September 30, 2005 with an additional 5 year Renewal Option which was exercised on January 6, 2004 with no renewal option term available.

3. That the current yearly lease rental amount is $166,380. Rent does not include CAM charges, Insurance, Property Taxes, Pass-through charges which are paid monthly @ ~~$4,342.51~~ 4,534.67 and are reconciled annually.

4. That our rent checks are payable to: CARLISLE REALTY HOLDING, C/O MARINA WATERSIDE SHOPPING CENTER, 4745 LINCOLN BLVD., MARINA DEL REY CA 90292-6901.

5. That there are no known offsets, credits or claims against said rental.

It is to be understood, of course, that the aforementioned statements are not intended to preclude the Postal Service from requiring the lessor to correct or complete any items of non-compliance with the contract terms that may be subsequently discovered.

Lessee: UNITED STATES POSTAL SERVICE
PER: RON BORKGREN
(Signature)

Contracting Officer
Pacific Facilities Service Office

395 OYSTER POINT BOULEVARD
SOUTH SAN FRANCISCO, CA 94080-0300
EMAIL: [illegible]
FAX (650) 615-7218 PHONE (650) 615-7234

*Prepared for:*

Mr. Ron Borkgren
Contracting Officer
*UNITED STATES POSTAL SERVICE*
Pacific Facilities Service Office
395 Oyster Point Boulevard, Suite 225
South San Francisco, California 94099-0300

P/A No. 3-4F-056770-E-507
Contract Number 052571-03-F-5156

*Prepared by:*

*PARKCENTER REALTY ADVISORS*
801 North Parkcenter Drive, Suite 210
Santa Ana, California 92705

PRA File No. 2003-63-1

*Date of Value*
October 15, 2003

*Date Of Report*
October 27, 2003

APPRAISAL OF U.S. POSTAL SERVICE
VENICE - MARINA DEL REY BRANCH
4766 ADMIRALTY WAY
MARINA DEL REY, CALIFORNIA

*PARKCENTER REALTY ADVISORS*

*Appraisers and Consultants*

*801 N. Parkcenter Drive*
*Suite 210*
*Santa Ana, California 92705*
*714.547.1733 Voice*
*714.972.1492 Fax*

October 27, 2003

*UNITED STATES POSTAL SERVICE*
Pacific Facilities Service Office
395 Oyster Point Boulevard, Suite 225
South San Francisco CA 94099-0300

Attention: Mr. Ron Borkgren, Contracting Officer
P/A No. 3-4F-056770-E-507
Contract Number 052571-03-F-5156

Reference: Appraisal of U.S. Postal Service
Venice - Marina Del Rey Branch
4766 Admiralty Way
Marina Del Rey, California

PRA File No. 2003-63-1

Gentlemen:

At your request, we have personally examined and appraised the above referenced property, comprising the 5,545 square foot Venice-Marina Del Rey Branch facility located in the Marina Waterside Shopping Center, Marina Del Rey, California. The purpose of this appraisal is to report to you our opinion as to the fair rental value of the fee simple interest of the property in question as of October 15, 2003.

The appraisers have inspected the subject property with the due diligence expected of a professional real estate appraiser. The appraisers are not qualified to detect hazardous waste and/or toxic materials. Any comment by the appraisers that might suggest the possibility of the presence of such substances should not be taken as confirmation of the presence of hazardous waste and/or toxic materials. Such determination would require investigation by a qualified expert in the field of environmental assessment.

No responsibility is assumed for any environmental conditions, or for any expertise or engineering knowledge required to discover them. The appraisers' descriptions and resulting comments are the result of the routine observations made during the appraisal process.

*UNITED STATES POSTAL SERVICE*
Attention: Mr. Ron Borkgren, Contracting Officer



Recognized appraisal methodology under the Uniform Standards of Professional Appraisal Practice was utilized in performing the investigation and analysis leading to the opinion of rental value rendered herein. Based upon the examination and study made, the opinion has been formed that the fair rental value of the property in question, assuming the conditions set forth herein, as of the date mentioned, is the sum of:

***Fair Annual Rental Value, Triple Net***

***ONE HUNDRED SEVENTY-NINE THOUSAND SIX HUNDRED FIFTY-EIGHT DOLLARS***
***($179,658)***

Following is a summary appraisal report that sets forth the matters, data, conclusions, and limiting conditions upon which the opinions rendered are predicated. Assuming the foregoing estimate of rental value, based upon the leasing of similar improved properties, we are of the opinion that a reasonable ***Exposure Time*** for the subject property would be within nine months.

Respectfully submitted,

***PARKCENTER REALTY ADVISORS***
By:

Marian L. Lamb
Vice President
Certified General Real Estate Appraiser
State of California No. AG014566

Robert A. Steele, MAI, CRE
President
Certified General Real Estate Appraiser
State of California No. AG006307

MLL/RAS:pmd