**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **MARINA WATERSIDE, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 06-497C** |
| | ) | **(Judge Horn)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND MOTION TO AMEND REPLY BRIEF**

As the Court requested at the scheduling conference held on January 17, 2007, the Government provides this supplemental clarification of its argument as it involves the Anti-Deficiency Act, 31 U.S.C. § 1341(a).

A question has arisen as to whether the Anti-Deficiency Act applies to the Postal Service, but the Court need not consider this question further because the Government hereby withdraws the argument set out in section C of its reply brief insofar as it relied on the Anti-Deficiency Act, and, pursuant to RCFC 15(a) requests leave of the Court to file an amended reply brief reflecting this change.[1]

The Government did not raise the Anti-Deficiency Act as an affirmative defense, it was merely cited as support for the Government's response to plaintiff's argument. It is not necessary to the Government's argument in this case; the Government's remaining arguments in its reply brief as well as those set out in the Government's motion for summary judgment clearly demonstrate that summary judgment should be granted in favor of the United States.

[1]An amended Reply Brief is being submitted simultaneously herewith.

Marina interprets the Fourth Sublease Amendment to mean that the Postal Service was required to execute the final option period in advance, but would not find out how much the rent would be until after the option period had begun, at which point Marina would unilaterally decide what constituted fair market value, and present this figure as a non-negotiable demand to the Postal Service. Additionally, in Marina's view, it could simply ignore that the Postal Service specified the amount of rent it was offering to pay during the final option period when it exercised the lease option. This interpretation is facially unreasonable, and is contrary to the prior conduct of the parties, as the Government has established in our earlier briefs.

The Postal Service reasonably interprets the Fourth Sublease Amendment to mean that the parties intended to negotiate the rental amount for the final option period based on the parties' respective views of what constituted fair market value of the property, at the time of exercising the option period. Moreover, as noted previously, Marina's agent, Caruso Realty Holdings I, accepted the Government's proposed rental term, in writing, by a letter sent January 20, 2005. Stip. ¶ 32. It is undisputed that Marina remained silent for the next nine months, thereby further ratifying its agent's acceptance of the Postal Service's offered rental amount. As noted previously, the past conduct of the parties supports this interpretation of the contract, because it is consistent with the parties' practice of having the rental term known at the time the Postal Service agreed to extend the lease. Stip. ¶¶ 10, 13, 16.

Therefore, defendant respectfully requests, for the reasons stated in the Government's motion for summary judgment, and its substituted reply brief, that the Court grant judgment in favor of defendant and against plaintiff and deny plaintiff's claim for increased rental payments.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

MARK A. MELNICK
Assistant Director

/s/ Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street
Washington, D.C. 20530
Tele: (202) 616-0341
Fax: (202) 514-8624
Attorneys for Defendant

January 26, 2007

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 26th day of January, 2007, the foregoing "DEFENDANT'S SUPPLEMENTAL BRIEF" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Joan M. Stentiford
JOAN M. STENTIFORD