Ernie Zachary Park, #082616
Bewley Lassleben & Miller
13215 E. Penn Street, Ste. 510
Whittier, California 90602
(562) 698-9771; (562) 696-6357 (fax)

Attorneys for Plaintiff
Marina Waterside, LLC

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MARINA WATERSIDE, LLC )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>United States, )<br>)<br>Defendant )<br>) | No. 06-497C<br>(Judge Horn)<br><br>PLAINTIFF'S SUPPLEMENTAL REPLY BRIEF FILED IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT |

TABLE OF CONTENTS

I. INTRODUCTION....................................................................................................................4

II. THE COURT SHOULD EITHER DECLARE THE TERMS OF THE FOURTH SUBLEASE AMENDMENT AS CLEAR ON THEIR FACE, OR, GIVEN THE PROCEDURAL POSTURE OF THIS MATTER, THE PARTIES ARE ENTITLED TO CONDUCT DISCOVERY.........................................................................4

A. The Fourth Sublease Amendment is Clear on its Face and Should be Enforced...............5

B. The Defendant's Position Introduces Various Fact Issues which Requires that the Parties be Permitted to Conduct Discovery and Fully Litigate the Dispute.................................6

C. Regardless of Either of the Foregoing Positions, the Government's Current Position is Precluded by the Estoppel Certificate.....................................................................................7

III CONCLUSION.......................................................................................................................8

# TABLE OF AUTHORITIES

CASES

Bourque v FDIC 42 F. 3d 704, 708 (1st Cir., 1994)........7

California Oregon Broadcasting, Inc. v. United States 2006 WL 3333766 (Fed. Cl.) 6 (p.8) ........6

Indianapolis Life Ins. Co. v. Lucky Stores, Inc. 1993 U.S. Dist. Lexis 10777 (N.D. Ill., 1993) ........8

RCI Northeast Services Division v. Boston Edison Co., 822 F.2d 199, 202 (1st Cir. 1987)........7

Resolution Trust Corporation v. District of Columbia 78 F. 3d 606 (316 U.S.D.C. 245, 1996) ........8

STATUTES

11 U.S.C. 1341(a)(1)........4

## INTRODUCTION

These supplemental briefs follow the defendant having raised, for the first time in its initial reply brief, the issue of the impact of the Anti-Deficiency Act, 31 U.S.C. § 1341(a)(1), on this dispute. At the hearing on January 17, 2007, the Court ordered the defendant to supplement its brief on this issue and it then afforded the plaintiff an opportunity to respond thereto. The government's most recent filing withdraws the argument concerning the Anti-Deficiency Act. Accordingly, the plaintiff does not address that issue further.

However, the defendant did proceed to file a supplemental brief wherein it rehashes the prior arguments found in its earlier filings. While the plaintiff believes that no further supplemental briefs are proper (at the point when the defendant withdrew the sole argument for which the supplemental briefing schedule was contemplated), it is compelled to respond to the defendant's renewed arguments.

## THE COURT SHOULD EITHER DECLARE THE TERMS OF THE FOURTH SUBLEASE AMENDMENT AS CLEAR ON THEIR FACE AND FIND FOR PLAINTIFF ON THE ISSUE OF LIABILITY, OR, GIVEN THE PROCEDURAL POSTURE OF THIS MATTER, THE PARTIES ARE ENTITLED TO CONDUCT DISCOVERY

As the Court knows, the procedural setting of this case was fashioned when the parties mutually advised the Court that the issue of liability was purely a matter of contract interpretation. Based thereon, the Court ordered the issue of contract liability to be addressed via cross-motions for partial summary judgment. Since the Court's initial order as to the bringing of these motions, the government's position has changed so that it now asserts a series of fact questions that cannot be resolved in the current procedural setting of the case.

Based on the foregoing, plaintiff's position is that the Court, given the current record, can draw one of three conclusions: (a) either the plaintiff is entitled to summary

judgment in that the terms of the Fourth Sublease Amendment are clear on their face; (b) that there are fact issues, as raised by the defendant's papers, such that the parties should be permitted to engage in discovery and otherwise prepare this matter for adjudication; or (c) regardless of either of the foregoing, the government is bound by the estoppel certificate it executed incident to plaintiff's acquisition of the shopping center wherein the premises is located such that plaintiff is still entitled to partial summary judgment as to the issue of liability.

A. The Fourth Sublease Amendment is Clear on its Face and Should be Enforced.

The Fourth Sublease Amendment provides that, should the defendant exercise the option for the extended term, rent was to be fixed based upon the fair market value of the property. See App. 64, para. 2. This language is unambiguous and, as such, the Court's analysis ends at that point. P.R. Burke Corporation v. The United States 47 Fed. Cl. 340, 344-345 (2000).

The defendant responds to the foregoing by asserting various arguments. It, first, obfuscates by creating the transparent straw-man argument that somehow the contract provision does not provide a clear standard by which to ascertain the rent. The argument is clearly without merit. The language clearly refers to an objectively identifiable measure, to wit, the fair market value of the property. That value can clearly be ascertained such that this argument should be rejected.[1]

The defendant next tries to twist the language of the amendment by interpreting it to require the parties to negotiate the rent for the option period. The language simply does not countenance such a construction. Pursuant to the amendment, rent was to be fixed based on the fair market value of the property. There is nothing within

[1] Indeed, as the Court has pointed out, this measure of valuation is used by the Postal Service regularly in its leases. It is a standard that is also quite common in the commercial leasing industry.

that language that contemplates further negotiations, i.e., rent was simply to be fixed based on the fair market value of the property. Simply put, the amendment provides that, if the defendant exercised the option, as it did, then rent was established by the terms of the Fourth Sublease Amendment.

Finally, the defendant erroneously argues that the plaintiff's interpretation is contrary to the prior conduct of the parties. The argument is wholly fallacious for two reasons. First, in connection with the Third Sublease Amendment, the parties determined the rent during the option period by way of an appraisal process, i.e., they fixed the rent based on the **then**-fair market value of the property. Stip. Facts 12, 13. Thus, the plaintiff's interpretation of the Fourth Sublease Amendment is consistent with how the parties set the value during the prior option period. Secondly, the argument fails because, regardless of what the parties did in the past, in connection with the Fourth Sublease Amendment, they entered into an agreement that is clear on its face. That provision now governs.

In sum, the language before the court is clear and unambiguous. It should be enforced as such.

B. The Defendant's Position Introduces Various Fact Issues which Requires that the Parties be Permitted to Conduct Discovery and Fully Litigate the Dispute.

While the plaintiff believes that the clear language of the lease governs, if the Court entertains the various issues raised in its cross-motion for summary judgment, the only conclusion is that the there are fact issues that require adjudication after discovery.

The defendant's core argument is that it did not accept the irrevocable offer

presented by the option. Rather, it submitted a counter-offer. The government, thus, raises the question of whether a contract was entered into and, if so, on what terms. Contract formation is a matter of ferreting out the fact question of the parties' intent. California Oregon Broadcasting, Inc. v. United States 2006 WL 3333766 (Fed. Cl.) 6 (p. 8); RCI Northeast Services Division v. Boston Edison Co., 822 F.2d 199, 202 (1st Cir. 1987); Bourque v FDIC 42 F. 3d 704, 708 (1st Cir., 1994).

The procedural posture of this matter is that the parties have not had an opportunity to address the myriad fact questions raised by the defendant's argument. Simply by way of example, the plaintiff is entitled to conduct discovery to determine the contracting officer's intent in exercising the option to renew (including what was intended by inserting the prior rental amount therein). It is further entitled to adduce evidence as to the circumstances as to who received the option exercise document, what the intent of the landlord was, etc. Similarly, the plaintiff is entitled to conduct discovery and adduce evidence as to the various letters it wrote to the defendant confirming the rent and the defendant's alleged "detrimental reliance."[2]

In sum, the Court cannot grant the defendant's fact arguments without affording the parties an opportunity to litigate those fact questions. Thus, at a minimum, the government's cross-motion must be denied.

/////

/////

/////

---

[2] The government attempts to twist the plaintiff's letters confirming the rent into an acceptance of the defendant's "offer" as to the amount of rent to be paid during the option. However, as pointed out in the plaintiff's initial reply memorandum, these letters accurately set out the rent due when they were sent because, when written, the option period had not yet commenced.

C. Regardless of Either of the Foregoing Positions, the Government's Current Position is Precluded by the Estoppel Certificate.

The stipulated facts before the Court include the fact that the government provided the plaintiff with a "clean" estoppel certificate when the plaintiff acquired the shopping center where the subject premises is located. As a part of the plaintiff's acquisition of the Center, the defendant provided an estoppel certificate dated January 7, 2004. Stip. Fact 19; App. 86.

In executing and transmitting the certificate, the government affirmed the lease and amendments were in "full force and effect." (para. 1 thereof). Furthermore, nowhere within the certificate did the government assert that there was any other agreement in place or that the lease (particularly the Fourth Sublease Amendment) had been altered.

Without question, the defendant is now bound by that estoppel certificate and it is precluded from taking a position contrary thereto. Resolution Trust Corporation v. District of Columbia 78 F. 3d 606 (316 U.S.D.C. 245, 1996); Indianapolis Life Ins. Co. v. Lucky Stores, Inc. 1993 U.S. Dist. Lexis 10777 (N.D. Ill., 1993).

Thus, regardless of how the Court resolves the first two issues, the government is bound by the estoppel certificate such that it is precluded from the arguments now being proffered by it.

CONCLUSION

This proceeding came about when the parties represented to the Court that the issue of liability could be determined based upon the construction of the lease documents. The government has now elected to assert various factual issues not

contemplated when the Court entered its order as to these cross-motions.

Given the record at hand, plaintiff respectfully submits that the lease language is clear and should be interpreted as urged by plaintiff. It further contends that the various fact issues raised by the defendant cannot be resolved on this motion given the lack of discovery or opportunity to present opposition declarations. Finally, and in any event, the defendant is precluded from asserting the issues now raised by it due to the estoppel certificate executed by it.

Respectfully submitted,

BEWLEY, LASSLEBEN AND MILLER

By *s/*Ernie Zachary Park
Ernie Zachary Park,
Attorney for Plaintiff