Patricia L. Glaser, State Bar No. 55668
Nabil Abu-Assal, State Bar No. 136764
Scott E. Gizer, State Bar No. 221962
CHRISTENSEN, GLASER, FINK, JACOBS
WEIL & SHAPIRO, LLC
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Tel: (310) 553-3000
Fax: (310) 556-2920

Attorneys for Plaintiff Marina Waterside, LLC

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| MARINA WATERSIDE, LLC., Plaintiff, v. THE UNITED STATES, Defendant. | No. 06-497c (Judge Marian Blank Horn) |

**PLAINTIFF'S CONSENT MOTION TO AMEND THE COURT'S DISCOVERY SCHEDULING ORDER OF JUNE 25, 2007**

Plaintiff files this motion with the concurrence and approval of defendant.

On June 25, 2007, the Court set the following dates, including a discovery cut-off:

| Event | Deadline |
|---|---|
| Depositions on Liability and Damages | July 16, 2007 |
| Further Status Conference | July 25, 2007 |

The parties are requested to file a Joint Status Report on or before July 20, 2007 proposing how to proceed, with milestones and proposed dates.

For the reasons set forth more fully below, the parties request that the Court amend its June 25, 2007 scheduling order to extend the discovery cut-off as to depositions only as follows:

| **Event** | **Deadline** |
| --- | --- |
| Fact Depositions on Liability and Damages | September 14, 2007 |

The parties have now exchanged expert appraisals and from reviewing the appraisals, desire to participate in settlement discussions. Thus, in order to focus their efforts on a resolution of this matter, the parties wish to continue the discovery cut-off for depositions only. In addition, a brief continuance of sixty days will allow the parties to avoid incurring substantial attorneys' fees and costs by taking multiple depositions before the discovery cut-off that could widen the gap between the parties' respective settlement positions. The parties have been cooperating in completing discovery, and have completed written fact discovery on liability and damages. If settlement discussions do not prove to be fruitful, the parties will then recommence discovery and conduct the depositions that still need to be completed.

The parties are requesting a sixty day continuance rather than a thirty day continuance because Defendant's appraiser will be unavailable for deposition until after August 20, 2007 and Plaintiff's appraiser is unavailable August 22, 2007 through September 3, 2007. Defendant's counsel agrees that a brief sixty day continuance of the discovery cut-off as to depositions only would be beneficial to the parties, and accordingly, does not object to this motion.

For each of the foregoing reasons, plaintiff, for the benefit of both parties, requests that the Court's scheduling order of June 25, 2007 should be amended as indicated above. If for any

reason the Court is inclined not to grant this motion or is inclined to require a different schedule for the completion of pre-trial activities, the parties respectfully request a status conference.

Respectfully submitted,

OF COUNSEL
NABIL L. ABU-ASSAL
Christensen, Glaser, Fink, Jacobs
Weil & Shapiro, LLP

OF COUNSEL
SCOTT E. GIZER
Christensen, Glaser, Fink, Jacobs,
Weil & Shapiro, LLP

PATRICIA L. GLASER by Scott E. Gizer
Christensen, Glaser, Fink, Jacobs
Weil & Shapiro, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
phone: (310) 553-3000
fax: (310) 556-2920

Counsel for Plaintiff

/s/
JOAN M. STENTIFORD-ULMER
Trial Attorney Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Phone: (202) 616-0341
Fax; (202) 514-8624

Counsel for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this **13th day of July, 2007** the foregoing **PLAINTIFF'S CONSENT MOTION TO AMEND THE COURT'S DISCOVERY SCHEDULING ORDER OF JUNE 25, 2007** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Scott E. Gizer